No. 422    May 13, 2026    637

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. M. J.,
*Appellant.*

Linn County Circuit Court
21JU03498; A188743

Heidi M. Sternhagen, Judge pro tempore.

Submitted April 22, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

PER CURIAM

Affirmed.

_____
    * Lagesen, C. J. *vice* Joyce, J.

**PER CURIAM**

Mother appeals a juvenile court judgment establishing a permanent guardianship over her child, C, pursuant to ORS 419B.366. She assigns error to the juvenile court's decision to establish the guardianship, contending that the evidence is legally insufficient to permit a finding that C "cannot safely return to a parent within a reasonable time," thereby precluding the court from establishing a guardianship. We review a juvenile court's decision to establish a guardianship under ORS 419B.366 for legal error, accepting the court's findings of historical fact if there is evidence to support them. *Dept. of Human Services v. N. B.*, 344 Or App 124, 126, 579 P3d 778 (2025), *rev den*, 374 Or 698 (2026) (stating the standard of review applicable to a decision to establish a guardianship under ORS 419B.366). Applying that standard of review here, we affirm.

For purposes of ORS 419B.366, C could not return home within a reasonable time if C could not return home within "a period of time that is reasonable given [C's] emotional and developmental needs and ability to form and maintain lasting attachments." ORS 419A.004(27); *N. B.*, 344 Or App at 128 (stating the standard). Here, the evidence was legally sufficient to permit the juvenile court to determine that that standard was met. Specifically, the juvenile court determined that given C's particular intellectual and emotional needs, which are high, and the fact that he had been in substitute care for four years, demonstrated that it was already "beyond a reasonable time for [C] to be returned home," in view of the "number of placement disruptions" C had experienced over those four years. That determination—that no additional time would be reasonable given C's specific needs—is a permissible one on the evidence presented to the juvenile court about C's needs.

In arguing for a contrary result, mother points to evidence that she had been sober for approximately nine months at the time of the hearing, contending that it shows that C could be returned to her care. In view of all the other evidence, however, that evidence does not preclude the reasonable determinations that (a) C could not be returned home at the time of the hearing; and (b) C's needs mean

that, at this point in time, no amount of additional waiting to return home would be reasonable. Mother also contends that the juvenile court erred because "the department failed to prove that the underlying bases for the court's dependency jurisdiction *** continued to exist at the time of the guardianship hearing." As ODHS correctly points out, that is not a showing that is required by ORS 419B.366, so that argument provides no grounds for reversal.

Affirmed.